ACCEPTED
15-25-00099-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/6/2025 3:28 PM
CHRISTOPHER A. PRINE
CLERK

**15-25-00099-CV**

███████████████

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/6/2025 3:28:20 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE FIFTEENTH COURT OF APPEALS AT AUSTIN, TEXAS

## IN RE GREGORY ALEMAN, Relator

Original Proceeding from County Court at Law No. 1, Bell County, Texas

Trial Court Cause No. 24CCV00873

## PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:

Relator Gregory Aleman respectfully files this Petition for Writ of Mandamus and would respectfully show:

## TABLE OF CONTENTS

Identity of Parties and Counsel................................................................2

Relief Requested.................................................................................2

Statement of Jurisdiction......................................................................2

Appellate Status and Request for Extension.................................................3

Statement of Facts..............................................................................3

Argument and Authorities.....................................................................3,4

Prayer for Relief................................................................................5

Appendix........................................................................................6

## TABLE OF AUTHORITIES

Tex. R. Civ. P. 296............................................................................4

Tex. R. Civ. P. 297............................................................................4

Tex. Gov't Code § 22.221.................................................................................2

*In re Gillespie*, 124 S.W.3d 699 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding)....4

*In re Long, 984 S.W.2d 623* (Tex. App.—Fort Worth 1999, orig. proceeding).......................4

*Flathers v. Tex. Dep't of Pub. Safety*, 279 S.W.3d 789 (Tex. App.—Amarillo 2007, no pet.)....4

# I.

## Identity of Parties and Counsel

**Party**: Gregory Aleman, Relator

**Attorney** for Relator: David Fernandez, Jr., SBOT 06933700, 1508 SW H.K. Dodgen Loop, Temple, Texas 76504, email: oscar2china@icloiud.com

**Party**: Texas Department of Public Safety

**Attorney**: Ronald Simpson, Staff Attorney, P. O. Box 15327, Austin, Texas 78761

**Attorney**: Elizabeth A. Dupuy, ALR Appellate Section, P.O. Box 15327, Austin, Texas 78761

**Respondent**:

The Honorable Judge John Mischtian of County Court at Law No. 1, Bell County, Texas.

# II.

## Relief Requested

Relator requests that the Court of Appeals issue a writ of mandamus directing the trial court to file findings of fact and conclusions of law as required by Texas Rule of Civil Procedure 296, following Relator's timely and proper request.

# III.

## Statement of Jurisdiction

This Court has jurisdiction under Tex. Gov't Code § 22.221. Mandamus relief is appropriate where the trial court has a ministerial duty to act and fails to do so, and there is no adequate remedy by appeal.

## IV.

### APPELLATE STATUS AND REQUEST FOR EXTENSION

The Clerk's Record and the Court Reporter's Record have been filed with the Fifteenth Court of Appeals in the pending appeal of the same matter—Cause No. 24CCV00873, styled Gregory Aleman v. Texas Department of Public Safety. In light of the trial court's failure to issue findings of fact and conclusions of law, Relator respectfully requests an extension of time to file his appellant's brief until such findings are entered and properly included in a supplemental record.

## V.

### Statement of Facts

1. Following an administrative license suspension (ALR) hearing, the ALJ (Administrative Law Judge) issued an Order (Tab A) affirming the suspension of Gregory Aleman's driver's license.

2. On January 16, 2025, the trial court affirmed the ALJ's decision without filing findings of fact or conclusions of law. (Tab B)

3. January 24, 2025, Relator timely filed a Request for Findings of Fact and Conclusions of Law under Tex. R. Civ. P. 296. (Tab C)

4. On February 13, 2025, Relator filed a timely Notice of Past Due Findings under Tex. R. Civ. P. 297. (Tab D)

5. Despite these filings, the trial court failed to issue findings, thereby impairing appellate review.

## VI.

### Argument & Authorities

**A.**

Page 3

**Ministerial Duty to File Findings**

This Writ seeks to compel the trial court to file the requested findings. Under Rule 296 TRCP, "the court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed." This is a mandatory, ministerial duty once properly invoked. See *In re Gillespie, 124 S.W.3d 699, 703* (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

**B.**

**Mandamus Is Appropriate Remedy**

Where a trial court refuses to file findings after timely requests and reminders, appellate review is compromised. Findings are crucial in substantial evidence review where disputed evidence exists. *In re Long, 984 S.W.2d 623, 625* (Tex. App.—Fort Worth 1999, orig. proceeding).

The DPS argues no findings are necessary in ALR appeals. However, this case is distinguishable from *Flathers v. DPS*, 279 S.W.3d 789 (Tex. App.—Amarillo 2007, no pet.), where no factual disputes existed. Here, the record reveals a substantial conflict in the arresting officer's testimony (Tab E: that the Relator's eyes were not bloodshot and Relator's speech was normal) and the ALJ's findings (Tab A: that the Relator's eyes were bloodshot and Relator's speech was slurred), which necessitate clarification of the trial court's reasoning.

**C.**

**No Adequate Remedy by Appeal Exists**

Mandamus is appropriate when there is no adequate remedy by appeal. The lack of findings frustrates appellate review and precludes meaningful challenge to the court's decision.

The need for findings is amplified in this case by the ALJ's finding (Tab A) that the Relator's eyes were bloodshot and Relator's speech was slurred, and the arresting officer's conflicting testimony (Tab E) at the ALR hearing that Relator's speech was normal and that he did not observe that Relator's eyes were bloodshot. This conflict raises the question on whether the ALJ's findings are supported by substantial evidence.

## VII.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Relator prays that this Court:

1. Grant this Petition for Writ of Mandamus;

2. Order the trial judge of the County Court at Law No. 1 of Bell County to issue findings of fact and conclusions of law under Tex. R. Civ. P. 296–297;

3. Grant such other and further relief as to which Relator may be justly entitled.

Respectfully submitted,

David Fernandez, Jr.

SBOT No. 06933700

1508 SW H.K. Dodgen Loop

Temple, Texas 76504

(254) 773-0671 | oscar2china@icloud.com

ATTORNEY FOR RELATOR, GREGORY ALEMAN

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Petition for Writ of Mandamus was served via eFileTexas on June 6, 2025, on:

Ronald Simpson, Staff Attorney, P. O. Box 15327, Austin, Texas 78761

Elizabeth A. Dupuy, ALR Appellate Section, P.O. Box 15327, Austin, Texas 78761

The Honorable Judge John Mischtian of County Court at Law No. 1, Bell County, Texas

David Fernandez, Jr.

# TAB D

Filed for Record
2/13/2025 2:39 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

## CAUSE NO. 24CCV00873

| GREGORY ALEMAN, | § | IN THE COUNTY COURT AT LAW NO. 2 |
|---|---|---|
| PETITIONER | § | |
| | § | |
| V. | § | OF |
| | § | |
| | § | |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | § | |
| DEFENDANT | § | BELL COUNTY, TEXAS |

NOTICE OF PAST DUE FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner Gregory Aleman hereby notifies the Court that:

1. On January 16, 2025, the Court signed the Order finding that based on substantial evidence on the record as a whole the Administrative Law Judge's decision stands.

2. On January 24, 2025, Petitioner timely filed his Request for Findings of Fact and Conclusions of Law.

3. The Court's Findings of Fact and Conclusions of Law were due on February 13, 2025.

4. As of this date, no Findings of Fact and Conclusions of Law have been filed.

5. This Notice of Past Due Findings of Fact and Conclusions of Law is being filed within thirty (30) days of the date the original Request was filed, as required by Texas Rule of Civil Procedure 297.

Filed for Record
2/13/2025 2:39 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

WHEREFORE, Petitioner requests that the Court file its Findings of Fact and Conclusions of Law as required by Texas Rules of Civil Procedure 296 and 297.

Respectfully submitted,

David Fernandez, Jr.
SBOT 06933700
1508 SW H.K. Dodgen
Temple, Texas 76504
Office: 254-773-0671
Email: oscar2china@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Past Due Findings of Fact and Conclusions of Law has been served by electronic filing on all counsel of record in accordance with the Texas Rules of Civil Procedure on this 13th day of February, 2025.

David Fernandez, Jr.

## APPENDIX

- Tab A – ALJ Order

- Tab B – Trial Court's Order Affirming Administrative Ruling

- Tab C - Request for Findings of Fact and Conclusions of Law (Filed Jan. 24, 2025)

- Tab D - Notice of Past Due Findings of Fact and Conclusions of Law (Filed February 13, 2025)

- Tab E - Transcript of Arresting Officer's Testimony on Relator's eyes & speech

- Tab F - Attorney Verification

# TAB A

FILED
405-24-13157
6/13/2024 2:50 PM
STATE OFFICE OF
ADMINISTRATIVE HEARINGS
Amy Tippie, CLERK

Filed for Record
6/20/2024 1:49 PM
ACCEPTED
405-24-13157
Shelley Coston, County Clerk
6/13/2024 2:51 PM
Bell County, Texas
STATE OFFICE OF
Cause No. 24CCV00873
ADMINISTRATIVE HEARINGS
Reviewed by:
Amy Tippie, CLERK
Courtney Barnes, Deputy

**SOAH Docket No. 405-24-13157**          **Suffix: ALR**

# BEFORE THE
# STATE OFFICE OF ADMINISTRATIVE HEARINGS

---

DPS,
PLAINTIFF
V.
GREGORY ALAN ALEMAN,
DEFENDANT

---

## ADMINISTRATIVE DECISION

On June 11, 2024, a hearing was held under chapter 724 of the Texas Transportation Code. The Department and Defendant appeared and announced ready. Department Exhibits C, 1, and 2 were admitted. The Administrative Law Judge (ALJ) finds that the facts below were proven by a preponderance of the evidence and makes the following conclusions of law.

## I.  FINDINGS OF FACT

1.  On February 23, 2024, reasonable suspicion to stop the Defendant existed, in that Officer J. Johnson while on patrol noticed Defendant operating a motor vehicle in the 3000 block of South 31st Street and SW HK Dodgen

Filed for Record
6/20/2024 1:49 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

Loop, Temple, Bell County, Texas. Officer observed Defendant run the red light at the intersection.

2. On the same day, probable cause to arrest the Defendant existed to believe that the Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1 :

- Defendant's eyes were bloodshot and glassy;

- Defendant smelled like alcohol;

- Defendant admitted drinking alcohol;

- Defendant's speech was slurred;

- on the horizontal gaze nystagmus test, Defendant exhibited four of six clues;

- Defendant had distinct and sustained nystagmus at maximum deviation and onset of nystagmus prior to 45 degrees in both eyes;

- on the walk-and-turn test, Defendant exhibited two of eight clues;

- Defendant missed heel to toe and stepped off line;

- on the one-leg-stand test, Defendant exhibited two of four clues;

- Defendant used arms, stopped early and was unable to complete the test due to a hip replacement.

3. Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood.

4. After being requested to submit a specimen of breath or blood, Defendant refused.

## II. CONCLUSIONS OF LAW

The Department proved the issues set out in section 724.042 of the Texas Transportation Code, so Defendant's license is subject to a suspension or denial for 180 days. Tex. Transp. Code § 724.035(a).

2

Filed for Record
6/20/2024 1:49 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

## III. ORDER

The Department is authorized to suspend or deny Defendant's driving privileges for the period indicated above. This decision may be appealed. Tex. Transp. Code § 724.047.

**Signed June 13, 2024.**

ALJ Signature(s):

*Kimberly Gamble*

Kimberly Gamble,

Presiding Administrative Law Judge

Administrative Decision, SOAH Docket No. 405-24-13157,
Referring Agency No. 82098

# TAB B

# CAUSE NO. 24CCV00873
## SOAH DOCKET NO. 405-24-13157

| | | |
|---|---|---|
| **GREGORY ALEMAN** | § | **IN THE COUNTY COURT** |
| Petitioner | § | |
| | § | |
| | § | |
| **v.** | § | **AT LAW** |
| | § | |
| | § | |
| | § | |
| **TEX. DEPARTMENT OF** | § | |
| **PUBLIC SAFETY,** Defendant | § | **BELL COUNTY, TEXAS** |

## ORDER

This order corresponds to the appeal of the Petitioner Gregory Aleman from an administrative decision rendered by the State Office of Administrative Hearings authorizing the Department to suspend Gregory Aleman's driver's license. After reviewing the record, all pleadings and motions filed, and/or all argument of counsel, this Court holds:

~~that the decision (1) was not supported by substantial evidence, (2) was arbitrary or capricious, and/or (3) was characterized by an abuse of discretion or other error of law. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT the decision of the State Office of Administrative Hearings is hereby REVERESED, and the Department of Public Safety IS NOT AUTHORIZED to suspend or deny Appellant's driving privileges.~~

that the decision (1) was supported by substantial evidence, (2) was not arbitrary or capricious, and/or (3) was not characterized by an abuse of discretion or other error of law. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT the decision of the State Office of the Administrative Hearings is hereby AFFIRMED, and the Department of Public Safety IS AUTHORIZED to suspend or deny Appellant's driving privileges.

Furthermore, it is ORDERED, ADJUDGED, AND DECREED that all relief requested in this cause and not expressly granted is denied.

SIGNED on ___1/6/25___

JUDGE _____

FILED FOR RECORD

JAN 2 2 2025

SHELLEY COSTUN
COUNTY CLK, BELL CO. TEXAS

# TAB C

Filed for Record
1/24/2025 8:40 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

## CAUSE NO. 24CCV00873

| | | |
|---|---|---|
| **GREGORY ALEMAN, PETITIONER** | § | **IN THE COUNTY COURT AT LAW NO.__** |
| | § | |
| | § | |
| **V.** | § | **OF** |
| | § | |
| | § | |
| **TEXAS DEPARTMENT OF PUBLIC SAFETY,** | § | |
| **RESPONDENT** | § | **BELL COUNTY, TEXAS** |

**PETITIONER"S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Texas Rule of Civil Procedure 296, Petitioner Gregory Aleman, by and through undersigned counsel, respectfully requests that the Court prepare and file Findings of Fact and Conclusions of Law in support of its decision to affirm the administrative suspension of Petitioner's drivers license in the above-referenced case.

### I. BASIS FOR REQUEST

1. The trial court heard arguments on Petitioner's appeal from the administrative decision of the Texas Department of Public Safety regarding the suspension of Petitioner's driver's license.

2. The trial court issued its final judgment affirming the administrative decision on January 16, 2025, and this request is filed within the required twenty-day period as set forth in Texas Rule of Civil Procedure 296.

3. The requested findings of fact and conclusions of law are necessary to clarify the basis of the Court's ruling and to provide a proper record for appellate review.

Filed for Record
1/24/2025 8:40 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

## II. REQUESTED FINDINGS AND CONCLUSIONS

Petitioner requests that the Court file written Findings of Fact and Conclusions of Law addressing, but not limited to, the following issues:

**1. Findings of Fact:**

A. The evidence considered by the Court, including the administrative record and legal arguments presented.

B.  The Court's assessment of the officer's testimony regarding Petitioner's normal behavior, compliance, and physical condition.

C. The Court's findings related to the administration of field sobriety tests, including the Horizontal Gaze Nystagmus (HGN) test and its compliance with NHTSA standards.

D. The extent to which the Court relied on the ALJ's findings of probable cause.

E. The extent to which the Court relied on the arresting's officers testimony regarding the number of passes he does when administering the HGN test.

F. The extent to which the Court relied on the ALJ's findings that the Petitioner's speech was slurred and that his eyes were glassy and bloodshot.

G. The extent to which the court relied on the arresting officer's testimony that the Petitioner's speech was normal and that Petitioner's eyes were normal.

H. The extent to which the Court relied on the arresting officer's testimony that he discounted the Petitioner's performance on the One Leg Stand and the Walk and Turn due to Petitioner's hip surgery.

**2. Conclusions of Law:**

Filed for Record
1/24/2025 8:40 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

A. Whether the administrative decision was supported by substantial evidence.

B. Whether the improperly administered HGN test could be considered reliable evidence of intoxication.

C. Whether the ALJ's findings were based on sufficient legal and factual grounds.

D. Whether the trial court applied the correct standard of review under Texas law.

### III. NOTICE OF PAST-DUE FINDINGS

Should the Court fail to file its Findings of Fact and Conclusions of Law within twenty (20) days after this request is filed, Petitioner shall timely file a Notice of Past Due Findings of Fact and Conclusions of Law pursuant to Texas Rule of Civil Procedure 297.

### IV. PRAYER

Petitioner requests that the Court:

1. Prepare and file its Findings of Fact and Conclusions of Law in accordance with Texas Rules of Civil Procedure 296 and 297; and

2. Grant Petitioner any further relief to which he may be justly entitled.

Respectfully submitted,

David Fernandez, Jr.
SBOT 0693300
1508 SW H.K. Dodgen
Temple, Texas 76504
Office: 254-773-0671
Cell: 254-760-6196
Email: oscar2china@icloud.com

Filed for Record
1/24/2025 8:40 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Petitioner's Request for Findings of Fact and Conclusions of Law was served on all counsel of record in accordance with Texas Rule of Civil Procedure 21a, on this 24th day of January, 2025.

David Fernandez, Jr.

# TAB E

Filed for Record
7/22/2024 2:09 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

NO.   405-24-13157

In the Matter of:                )
                                 )
TEXAS DEPARTMENT OF PUBLIC        )    BEFORE THE STATE OFFICE
SAFETY                           )    OF ADMINISTRATIVE HEARINGS
                                 )
v.                               )
                                 )
GREGORY ALAN ALEMAN              )


                        Zoom Videoconference

                        June 11, 2024


        The above-entitled matter came on for hearing, pursuant to notice.

                    BEFORE:   HON. KIMBERLY GAMBLE
                              Administrative Law Judge

                    APPEARANCES:

                    On behalf of the Department:
                    RONALD SIMPSON, ESQ.


                    On behalf of the Defendant:
                    DAVID FERNANDEZ, ESQ.


67 1

Filed for Record
7/22/2024 2:09 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

INDEX

| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS | VOIR DIRE |
|---|---|---|---|---|---|
| Officer Johnson | 4 | | | | |

| EXHIBITS: | IDENTIFIED | IN EVIDENCE |
|---|---|---|
| Department | | |
| DPS-C | 3 | 4 |
| DPS-1 | 3 | 4 |
| DPS-2 | 3 | 4 |

CLOSING STATEMENT:

On behalf of the Department:      23-24
Ronald Simpson, Esq.

On behalf of the Defendant:      23-24
David Fernandez, Esq.

Filed for Record
7/22/2024 2:09 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

Q. He responded in a normal manner?

A. Correct.

Q. You asked Mr. Aleman to get out of his vehicle?

A. Yes, sir.

Q. And he got out of his vehicle in a normal manner?

A. Yes, sir.

Q. You looked at his eyes and his eyes were normal, they weren't bloodshot?

A. I didn't see any bloodshot, no, sir.

Q. Now if his eyes had been bloodshot that would have been an important fact that you would have put in your official Offense Report, correct?

A. That is correct, yes, sir.

Q. That fact is not in your report, is it?

A. It is not.

Q. You understood everything that Mr. Aleman told you in response to your questions?

A. Yes, sir.

Q. So his speech was normal?

A. Yes, sir, it was.

Q. If it wasn't normal, if it was slurred, you would have put that in your official Offense Report, correct?

A. Correct.

Q. So you didn't form the opinion that Mr. Aleman was intoxicated after your first interaction with him because he

Filed for Record
7/22/2024 2:09 PM
Shelley Coston, County Clerk
Bell County, Texas
Cause No.24CCV00873
Reviewed by:
Courtney Barnes, Deputy

C E R T I F I C A T E

CASE NAME:       DPS vs. Gregory Alan Aleman

DOCKET NUMBER:   405-24-13157

LOCATION:        Zoom Videoconference

DATE:            June 11, 2024


        I do hereby certify that the foregoing pages, numbers 1 through 25, inclusive, are the true, accurate, and complete transcript prepared from the verbal recording provided by the State Office of Administrative Hearings.


_Jennifer Ferris_                        7/12/24

Jennifer Ferris, CET    (Date)
Kelsey Transcripts
537 Walnut Drive
P.O.   Box 1264
Bellville, Texas 77418
Ph: (979) 865-2225
Fax: (281) 596-4432

# TAB F

# VERIFICATION

STATE OF TEXAS

COUNTY OF BELL

BEFORE ME, the undersigned authority, on this day personally appeared David Fernandez, Jr., who being by me duly sworn, stated under oath as follows:

"My name is David Fernandez, Jr. I am the attorney for Relator Gregory Aleman in this proceeding. I have read the foregoing Petition for Writ of Mandamus and the factual statements contained therein are within my personal knowledge and are true and correct."

David Fernandez, Jr.

SWORN TO AND SUBSCRIBED before me by David Fernandez, Jr. on this the 5th day of June, 2025, to certify which witness my hand and official seal.

Notary Public in and for the State of Texas

MARY WEAKS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 04/20/28
NOTARY ID 5704062

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Fernandez, Jr. on behalf of David Fernandez, Jr.
Bar No. 6933700
oscar2china@icloud.com
Envelope ID: 101732770
Filing Code Description: Original Proceeding Petition
Filing Description: Writ of Mandamus
Status as of 6/6/2025 4:35 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ronald Simpson | | Ronald.simpson@dps.texas.gov | 6/6/2025 3:28:20 PM | SENT |